David V. Bernal, Margaret Kuehne Taylor, Carl H. McIntyre, Jr., Esq., Assistant Director, T. Bo Stanton, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Varinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Singh's testimony was internally inconsistent and inconsistent with his statements during his credible fear interview regarding the number of times he encountered militants and whether militants ever physically harmed him. *See Chebchoub v. INS,*

257 F.3d 1038, 1043 (9th Cir.2001). In addition, the IJ's credibility determination is supported because Singh failed to mention during his credible fear interview that militants shot and killed his father. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir. 2004). Singh's explanations do not compel a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on testimony the IJ found not credible, and Singh points to no evidence in the record that compels a finding that it is more likely than not he would be tortured if returned to India, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

**Kaur SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72237.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

226

Submitted Sept. 13, 2010.*

Filed Sept. 30, 2010.

Brent C. Woodward, Immigration Law & Deportation Defense, Fresno, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Craig W. Kuhn, Elizabeth J. Stevens, U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Kaur Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.2008), and we deny the petition for review.

The agency denied Singh's asylum application as time-barred. Singh does not challenge this dispositive finding in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued are waived). Accordingly, we deny the petition as to Singh's asylum claim.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies between Singh's testimony and the asylum officer's notes with respect to the nature of the mistreatment Singh allegedly suffered during his first and third arrests, the duration of Singh's detention following his first arrest, whether Singh sought medical treatment at a hospital following his second arrest, and whether Singh reported the incidents to the chief minister, go to the heart of his claim of persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Singh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Singh's CAT claim fails because it is based on the same testimony the agency found not credible, and Singh points to no other evidence that shows it is more likely than not he will be tortured in India. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.